UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**DENNIS PARRY,**
        **Plaintiff,**

    **v.**                                     **Case No. 07-C-1120**

**MILWAUKEE COUNTY SHERIFF'S DEPARTMENT,**
        **Defendant.**

---

### ORDER

    Plaintiff filed this 42 U.S.C. § 1983 action on December 17, 2007, naming the Milwaukee County Sheriff's Department as the sole defendant and apparently alleging that plaintiff's eviction and his subsequent detention, at the hands of unnamed Sheriff's Department officers, violated the Constitution. Before me now is defendant's motion to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

    To survive a motion to dismiss under Rule 12(b)(6), the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." EEOC v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir.2007) (citing Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." Id. In addressing a Rule 12(b)(6) motion, I assume that plaintiff's allegations are true and draw all reasonable inferences flowing from them in the light most favorable to plaintiff. Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990).

As stated above, the only defendant named in the complaint is the Milwaukee County Sheriff's Department. However, the Milwaukee County Sheriff's Department "is not a legal entity separable from the county government which it serves and is therefore, not subject to suit." Whiting v. Marathon County Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004) (citing Buchanan v. Kenosha, 57 F.Supp.2d 675, 678 (E.D. Wis. 1999)). Rather, Milwaukee County would be the appropriate defendant.

However, plaintiff's complaint does not state a claim against Milwaukee County. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). Section 1983 does not provide for supervisory or respondeat superior liability. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). In other words, a municipality cannot be held liable merely because it employs an individual who "caused a constitutional tort." Id. Thus, to state a claim against a municipality, a plaintiff must allege

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority.

Palmer v. Marion County, 327 F.3d 588, 594-95 (7th Cir. 2003) (citations omitted). Plaintiff's complaint does not contain any facts allowing an inference that the alleged violation of his constitutional rights occurred with the knowledge and consent of Milwaukee County, as a result of an express policy or widespread practice, or at the direction of an officer with final policy making authority.

2

Plaintiff also alleges that the events in question violated his rights under unspecified Wisconsin laws. However, because plaintiff has failed to state a viable federal claim against the only defendant, I cannot exercise jurisdiction over the state law claim at this time.

For the above reasons, I must dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted. However, rather than dismissing the action entirely, as defendant requests, I will allow plaintiff thirty days from the date of this order to file an amended complaint in accordance with this order. Should plaintiff fail to file an amended complaint within that time, I will dismiss plaintiff's case with prejudice.

**Therefore,**

**IT IS ORDERED** that defendant's motion to dismiss is **GRANTED** as described herein.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff is granted leave to file an amended complaint within thirty (30) days of the date of this order.

**IT IS FURTHER ORDERED** that plaintiff's failure to file an amended complaint within thirty days of this order will result in dismissal of the present action.

Dated at Milwaukee, Wisconsin this 6 day of November, 2008.

/s
LYNN ADELMAN
District Judge

3

Case 2:07-cv-01120-LA   Filed 11/06/08   Page 3 of 3   Document 16